IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM LYNN BONE, #S11844, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-00696-JPG |
| | ) |
| MATT McCONKY, | ) |
| RONNIE STEVENS, | ) |
| STEVE COODY, | ) |
| NURSE AMBER, and | ) |
| FAYETTE COUNTY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Adam Bone, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Robinson Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for the denial of adequate medical care for his congestive heart failure at Fayette County Jail. (Doc. 1). The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 7-68): Plaintiff was denied necessary medical care for his heart condition at Fayette County Jail. *Id*. at 7. Before entering the Jail, he was diagnosed with congestive heart failure, prescribed certain medications, and ordered to consume a low sodium/low cholesterol diet. He was also instructed to record his

1

weight daily and monitor his vital signs hourly, until he could undergo open heart surgery. *Id*. Plaintiff's heart specialist advised him to schedule an appointment for open heart surgery as soon as possible on or after January 2023. *Id*. at 8.

Before he could do so, Plaintiff was taken into custody at the Jail. *Id*. From February 4, 2023 until July 2, 2023, he was provided with inadequate medical care for his heart condition. *Id*. at 7. During the first two weeks of his detention, Plaintiff was not even evaluated by the nurse, who he identifies as "Nurse Amber." Thereafter, the nurse denied him a heart healthy diet, hourly vital sign checks, and daily weigh-ins. *Id*. On four separate occasions, including April 2-12, 2023, he was denied access to his prescription medications, including his heart, pain, and psychotropic medications.[1] *Id*. at 8-9. Plaintiff was also denied access to a health care provider who was trained to care for inmates with heart issues, including those with fluctuations in blood pressure and chest pain. When Plaintiff reported episodes of chest pain or blood pressure fluctuations, the nurse never called him in for an examination or follow-up appointment. *Id*.

Plaintiff requested care directly from all of the defendants or filed grievances addressed to them, including Nurse Amber, Chief Deputy Steve Coody, Jail Administrator Matt McConky, and Sheriff Ronnie Stevens, to no avail. They were all aware of his medical needs and simply ignored his complaints. *Id*.

Based on the allegations summarized herein, the Court designates the following enumerated counts in the *pro se* Complaint:

**Count 1:** Eighth and/or Fourteenth Amendment claim against Defendants for failing to evaluate Plaintiff's heart-related medical issues during the first 14 days of his detention at the Jail.

---

[1] This first incident occurred just after his release from the hospital, where he was treated for heart-related chest and back pain and given prescription medications that were in his personal property. *Id*. at 8.

**Count 2:**     Eighth and/or Fourteenth Amendment claims against Defendants for denying Plaintiff adequate medical care and monitoring for his congestive heart failure at the Jail from February 4, 2023 through July 2, 2023, in the form of a heart-healthy diet, daily weigh-ins, and hourly vital sign checks.

**Count 3:**     Eighth and/or Fourteenth Amendment claim against Defendants for failing to schedule Plaintiff for open heart surgery in spite of their knowledge that surgery was recommended to occur in January 2023.

**Count 4:**     Eighth and/or Fourteenth Amendment claim against Defendants for their failure to administer Plaintiff his prescription medications for his heart, pain, and mental health conditions.

**Count 5:**     Eighth and/or Fourteenth Amendment claim against Defendants for their failure to staff the Jail with on-site medical providers who were available to address complaints of chest pain and/or blood pressure fluctuations or follow up with Plaintiff after such episodes.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

## Discussion

The Eighth and/or Fourteenth Amendment govern(s) all five claims in this action, and the applicable legal standard depends on the plaintiff's status when each claim arose. The Eighth Amendment governs claims of inadequate medical care brought by a convicted person. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). The Fourteenth Amendment controls claims brought by a pretrial detainee. *McCann v. Ogle Cty., Ill.,* 909 F.3d 881, 886 (7th Cir. 2018).

In order to survive screening under the Eighth Amendment, a plaintiff must set forth allegations showing that (a) he suffered from an objectively serious medical need; (b) each defendant knew of the serious medical need and exhibited deliberate indifference to it; and (c) the plaintiff was injured. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 614 (7th Cir. 2022). An objectively serious medical need is one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Gayton v. McCoy*,

3

593 F.3d 610, 620 (7th Cir. 2010) (quoting *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008)). Deliberate indifference occurs where a defendant "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

To proceed with a claim under the Fourteenth Amendment, a plaintiff must set forth allegations suggesting that each defendant acted purposefully, knowingly, or perhaps even recklessly in connection with a detainee's medical treatment, and the challenged conduct was objectively unreasonable. *McCann*, 909 F.3d at 886. When determining whether challenged conduct was objectively unreasonable, the Court considers "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care." *Id*.

Counts 1, 2, 3, 4, and 5 survive screening under both standards against Nurse Amber, Chief Deputy Steve Coody, Jail Administrator Matt McConky, and Sheriff Ronnie Stevens. For each, Plaintiff alleges that his direct care provider (Nurse Amber) delayed or denied him treatment for a serious health condition (congestive heart failure or nerve pain) and caused his condition to deteriorate or prolonged his pain. Plaintiff directly grieved each issue, repeatedly, to Chief Deputy Steve Coody, Jail Administrator Matt McConky, and Sheriff Ronnie Stevens and asserts that these defendants knowingly disregarded his requests for treatment, monitoring, surgery, and care. Counts 1 through 5 will proceed past screening against all individual defendants.[2]

Fayette County shall be dismissed. A *Monell* claim arises against a municipality when a policy, custom, or widespread practice of the municipality actually caused the deprivations of a plaintiff's constitutional rights. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 691 (1978); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). Plaintiff describes no policy, custom, or widespread practice on the part of Fayette County that resulted in a

---

[2] The parties can clarify which legal standard governs each claim during discovery.

constitutional deprivation, and the County cannot be held liable under § 1983 simply because one or more county employees violated the plaintiff's rights. *See Monell*, 436 U.S. at 691. Accordingly, Counts 1 through 5 shall be dismissed against the county.

### Pending Motion

Plaintiff's Motion to Appoint Counsel (Doc. 4) is **DENIED** without prejudice. An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has demonstrated reasonable efforts to find an attorney since filing this motion. (Docs. 12-14). However, he has not shown the Court that he actually requires the assistance of court-recruited counsel at this time. Plaintiff has competently represented himself to date, by filing a Complaint that survived screening on five claims under the Eighth and/or Fourteenth Amendment(s). He offers only one reason for requesting counsel, *i.e.*, he is "not adept at matters of law, civil or criminal." (Doc. 4). For now, there is very little for the plaintiff to do, while the defendants are served with this lawsuit and file their answers. Once answers are on file, the Court will enter a scheduling order with specific instructions and deadlines for litigation. If the case becomes too difficult to litigate after that time, Plaintiff may file a new motion.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening. **COUNTS 1, 2, 3, 4, and 5** will proceed against **NURSE AMBER, MATT McCONKY, RONNIE STEVENS,** and **STEVE COODY**, but these claims are **DISMISSED** without prejudice against **FAYETTE COUNTY** for failure to state a claim for relief against this defendant.

5

**The Clerk of Court is DIRECTED to TERMINATE Fayette County as a party in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that as to **COUNTS 1 through 5**, the Clerk of Court shall prepare for Defendants **NURSE AMBER, MATT McCONKY, RONNIE STEVENS,** and **STEVE COODY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 5/8/2024

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearances and file Answers to your Complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more.  The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before the defendants' counsel files an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.