## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ADAM LYNN BONE, #S11844,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cv-00696-JPG** |
| | ) | |
| **MATT McCONKEY,** | ) | |
| **RONNIE STEVENS,** | ) | |
| **STEVE COODY,** | ) | |
| **and AMBER WALTERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case is before the Court for a decision on Defendants Amber Walters, Matt McConkey, Ronnie Stevens, and Steve Coody's Motions to Dismiss as a Sanction. (Doc. 39 and 43). For the reasons set forth below, the motions will be **GRANTED**.

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 on March 8, 2024, for constitutional deprivations stemming from the alleged denial of medical care at Fayette County Jail. (Doc. 1). The Complaint survived screening under 28 U.S.C. § 1915A on May 8, 2024. (Doc. 16). Plaintiff was allowed to proceed with five claims against the individual defendants for the denial of medical care under the Eighth or Fourteenth Amendments. *Id*. All claims against Fayette County were dismissed. *Id*. The individual defendants filed answers on July 8, 2024 and July 22, 2024. (Docs. 34 and 35).

The Court then entered an Initial Scheduling Order with instructions and deadlines for litigating this case. (Doc. 36). In the opening paragraph, the Court warned all parties that:

1

"**Failure to follow this Order may result in sanctions, including dismissal of the case.**" *Id.* (emphasis in original).

Pursuant to the Initial Scheduling Order, the parties were required to exchange information about witnesses, injuries, and related documents before Plaintiff's deadline for filing an amended complaint and Defendants' deadline for filing dispositive motions on the issue of exhaustion of administrative remedies. (Doc. 36). Plaintiff was ordered to make his initial disclosures no later than August 21, 2024.[1] *Id.* at 2. Defendants were ordered to produce their initial disclosures by September 5, 2024.[2] *Id.* Plaintiff's deadline for filing an amended complaint was September 20, 2024, and Defendants' dispositive motion deadline was October 21, 2024.

When Plaintiff missed the deadline for making his initial disclosures, Defendant Walters filed a motion to compel the initial disclosures from Plaintiff on September 5, 2024, and the Court entered the following Order:

> **ORDER GRANTING** Motion to Compel (Doc. 37). Plaintiff is **ORDERED** to produce his initial disclosures to Defendants on or before **SEPTEMBER 20, 2024**, in compliance with the instructions set forth in the Initial Scheduling Order (Doc. 36). Defendants shall produce their initial disclosures to Plaintiff by **OCTOBER 4, 2024**.

(Docs. 37 and 38). When Plaintiff *again* failed to make his initial disclosures, Defendant Walters also moved for sanctions in the form of an order dismissing the action on October 8, 2024. (Docs. 39). All other defendants joined in these motions. (Doc. 43). The Court ordered Plaintiff

---

[1] The Court ordered Plaintiff to produce the following information: (1) names of persons with knowledge of the incidents and a short description of the subject of their knowledge; (2) a statement of the injuries Plaintiff suffered and the relief he seeks; and (3) a signed release for medical records. *Id.*

[2] The Court ordered Defendants to produce the following information: (1) incident reports; (2) grievances, along with any responses or other related materials, such as grievance logs and counselor's notes; and (3) disciplinary tickets, along with any documents related to the resolution of the tickets; (4) Plaintiff's cumulative counseling summary or other log of interactions with staff during the relevant time period; and (5) reports and/or statements of persons with knowledge of the incidents; and (6) names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent the information is not included in the documents produced to Plaintiff; and (7) copies of relevant medical records, upon receipt of Plaintiff's executed release form. *Id.*

to file a response in opposition to the motion to dismiss no later than November 7, 2024. (Doc. 40). In an Order entered October 30, 2024, the Court reminded Plaintiff of this deadline. (Doc. 45).

Plaintiff has missed all deadlines set by the Court since entry of the Initial Scheduling Order. This includes the original deadline for Plaintiff's initial disclosures (August 21, 2024) (Doc. 36), the new deadline set in the Order granting the motion to compel his initial disclosures (September 20, 2024) (Doc. 38), and the deadline for Plaintiff's response in opposition to the motion to dismiss (November 7, 2024) (Doc. 40).

The case has now stalled due to Plaintiff's inaction and noncompliance with the Court's Orders at Docs. 36, 38, and 40. Under the circumstances, the parties cannot move this matter forward because Plaintiff has failed to take necessary steps to litigate his claims against Defendants. The Court will not let this matter linger indefinitely. The Court deems it appropriate to dismiss this action based on Plaintiff's noncompliance with the Court's Orders (Docs. 36, 38, and 40) and his failure to prosecute his claims. FED. R. CIV. P. 41(b). The case will be dismissed without prejudice. *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993).

## Disposition

Defendants' Motions to Dismiss as Sanction (Docs. 39 and 43) are **GRANTED**. This case is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court Orders at Docs. 36, 38, and 40 and his failure to prosecute his claims against Defendants. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.

2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  He must list each of the issues he intends to appeal in the notice of appeal.  If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

A proper and timely motion seeking reconsideration of this Order and filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 21, 2024**          s/ J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **United States District Judge**